UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X **DOCKET NO.:**
JORGE VAZQUEZ,

Plaintiff,

-against-

INCORPORATED VILLAGE OF FREEPORT, VILLAGE          **COMPLAINT**
OF FREEPORT POLICE DEPARTMENT, VILLAGE OF
FREEPORT POLICE OFFICER DeSALVO, individually
and in his official capacity, VILLAGE OF FREEPORT
POLICE    OFFICER    JOHN/JANE    DOES    #1-10,
individually and in their official capacities, ALL COUNTY
HOOK    UP    TOWING,    INC.    d/b/a    ALL    COUNTY
TOWING  &  RECOVERY,  JOSEPH  CALVAGNO,  XYZ
CORP., and JOHN/JANE DOES #11-20,          **JURY TRIAL DEMANDED**

Defendants.
-----------------------------------------------------------------------X

Plaintiff JORGE VAZQUEZ, by his attorneys, The Russell Friedman Law Group, LLP,

complaining of Defendants, INCORPORATED VILLAGE OF FREEPORT, VILLAGE OF

FREEPORT POLICE DEPARTMENT, VILLAGE OF FREEPORT POLICE OFFICER

DeSALVO, individually and in his official capacity, VILLAGE OF FREEPORT POLICE

OFFICER JOHN/JANE DOES #1-10, individually and in their official capacities, ALL

COUNTY HOOK UP TOWING, INC. d/b/a ALL COUNTY TOWING & RECOVERY,

JOSEPH CALVAGNO, XYZ CORP., and JOHN/JANE DOES #11-20, respectfully states and

alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.     This  is  a  civil  rights  action  for  money  damages  against  Defendants,

INCORPORATED  VILLAGE  OF  FREEPORT,  VILLAGE  OF  FREEPORT  POLICE

DEPARTMENT, VILLAGE OF FREEPORT POLICE OFFICER DeSALVO, individually and

in his official capacity, VILLAGE OF FREEPORT POLICE OFFICER JOHN/JANE DOES #1-10, individually and in their official capacities, (representing as yet unknown and unidentified police officers of the Village of Freeport Police Department), ALL COUNTY HOOK UP TOWING, INC. d/b/a ALL COUNTY TOWING & RECOVERY, JOSEPH CALVAGNO, XYZ CORP. (representing as yet unknown and unidentified corporate entities), and JOHN/JANE DOES #11-20 (representing as yet unknown and unidentified individual owners, operators, and/or employees of XYZ CORP.)

2.      Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331, 1343(a)3, and 1343(a)4 of the aforementioned Constitutional provisions.

## VENUE

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the Incorporated Village of Freeport, County of Nassau; the actual place of employment of the majority of the individual Defendants is the Incorporated Village of Freeport, County of Nassau in the Eastern District of New York; and the Incorporated Village of Freeport, County of Nassau is within the jurisdiction of the Eastern District of New York. The events surrounding this lawsuit occurred in the Incorporated Village of Freeport, County of Nassau, in the Eastern

District of New York. Additionally, Plaintiff resides within the County of Nassau in the Eastern District of New York.

## THE PARTIES

5.      Plaintiff Jorge Vazquez ("Vazquez" or "Plaintiff") is a resident of the United States who lives within the Eastern District of New York.

6.      At all relevant times described herein, Defendant Incorporated Village of Freeport ("Village") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

7.      At all relevant times described herein, Defendant Village, by its agents and/or employees, operated, maintained, and controlled the Village of Freeport Police Department, including all police officers, supervising officers, and detectives thereof.

8.      At all relevant times described herein, Defendant Village of Freeport Police Department ("VFPD") is a subdivision and/or agency of Defendant Village and has an office at 40 North Ocean Avenue, Freeport, New York 11520.

9.      Defendant Village of Freeport Police Officer DeSalvo ("DeSalvo") is a police officer with the VFPD who is being sued in his individual and official capacity and is an employee of the Village. At all relevant times described herein, Defendant DeSalvo was acting under color of state law within the scope of his employment as a police officer with VFPD.

10.     Defendant Village of Freeport Police Officer John Does #1-10 ("Does #1-10") (representing as yet unknown and unidentified members of the Village of Freeport Police Department) are police officers with the VFPD who are being sued in their individual and official capacities and are employees of Defendant Village. At all relevant times described

herein, Defendant Does #1-10 were acting under color of state law within the scope of their employment as police officers with VFPD.

11.    At all relevant times described herein, Defendant All County Towing & Recovery ("All County"), an assumed named for All County Hook Up Towing, Inc., was and continues to be a corporation organized and existing under the laws of the State of New York and operating as a business engaged in the towing and storage of motor vehicles; upon information and belief, All County is physically in possession of the Subject Vehicle.

12.    At all relevant times described herein, upon information and belief, Defendant Joseph Calvagno is a citizen of the State of New York and is the owner, operator, and person responsible for the practices and decisions made by All County.

13.    At all relevant times described herein, Defendant XYZ Corp. ("XYZ") was and continues to be a corporation organized and existing under the laws of the State of New York and operating as a business engaged in the towing and storage of motor vehicles; upon information and belief, XYZ is physically in possession of the Subject Vehicle.

14.    At all relevant times described herein, upon information and belief, Defendant John/Jane Does #11-20 are citizens of the State of New York and are the owner(s), operator(s), and person(s) responsible for the practices and decisions made by XYZ.

## NATURE OF THE CASE

15.    This is an action seeking recovery for deprivation of Plaintiff's civil rights guaranteed to him under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution committed by the above-named Defendants. Plaintiff further brings this action in order to stop the widespread and repeated deprivation of his property without regard to the well-settled Constitutional rights of due process and to be free from unreasonable seizures and

unlawful takings. Specifically, Defendants summarily deprived Plaintiff Vazquez of his rights, secured by the Fourteenth Amendment to the United States Constitution, to be free from State deprivations of property without due process of law; his rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable seizures; and his rights secured by the Fifth Amendment to the United States Constitution, to be free from unlawful takings.

16.     Defendants seized Plaintiff's vehicle for an ostensible law enforcement purpose. Defendants then unlawfully imposed an *ex-parte* lien on the vehicle for towing and storage charges which, they claimed, superseded Plaintiff's interests in that vehicle. Defendants threatened that the vehicle would be "destroyed" unless their demands were met. Defendants then refused to release the vehicle to Plaintiff. Defendants continue to assess further storage charges which supposedly superseded Plaintiff's rights, without having afforded Plaintiff any opportunity for a hearing before an impartial decision-maker, with adequate notice, whereat Plaintiff could protect his interests in the vehicle.

17.     To this day, Defendants continue to hold and detain Plaintiff's property under claim of right that their actions are protected by police authority and continue to assert that they are entitled to a lien for towing and storage charges, accrued and continuing to accrue, purportedly having priority over Plaintiff's rights, without due process of law or a reasonable basis for continued interference with Plaintiff's possessory interests.

18.     Defendants' actions deprive Plaintiff of his right to due process as secured by the Fourteenth Amendment and his right to be free from unreasonable seizures secured by the Fourth Amendment to the United States Constitution.

19. Upon information and belief, Defendants seize hundreds of vehicles every year and equally deprive numerous others by similarly impressing liens on those others' vehicles without notice and a hearing, contrary to the U.S. Constitution.

20. Defendants have no procedure for affording a hearing to persons who are deprived of their interests in vehicles which are seized by Defendants for law enforcement objectives and then detained to leverage payment of fees to Defendants. Defendants' failure to have such a procedure ensures that there is an unreasonable seizure and a denial of due process every time Defendants seize a vehicle, impress a lien, detain a vehicle, and demand money and other things of value be given to them as a condition for release of a vehicle.

## FACTUAL ALLEGATIONS

21. Mr. Jorge Vazquez is a forty-one (41) year old father of three children. Mr. Vazquez is employed as an Uber driver and works as a handyman in order to support his family. He is the sole provider for his family. At all relevant times herein, Vazquez was and remains the owner of a certain 2002 gray Honda Accord bearing registration KVY3034 (the "Honda").

22. On or about September 7, 2022, Vazquez was lawfully operating his Honda near the intersection of Church Street and W. Merrick Road in the Village of Freeport when Vazquez was unlawfully pulled over by Defendant DeSalvo.

23. DeSalvo and/or Does #1-10 purportedly pulled Plaintiff over for tinted windows. On or about September 7, 2022, DeSalvo issued Plaintiff a Uniform Traffic Ticket ("Ticket") for violating NYS VTL § 375 (12)(a)(b)2.

24. Plaintiff pled not guilty and demanded a trial. Defendant Village had failed and/or refused to schedule a trial in connection with the Ticket. Worst yet, Defendant Village notified NYS DMV that Vazquez failed to appear in response to the Ticket and caused Vazquez' license

to be suspended. This is despite the fact that Vazquez appeared through counsel and demanded a trial be scheduled. Plaintiff's suspension was purportedly lifted on or about May 24, 2023 after Defendant Village was informed that Plaintiff intended to file the instant Complaint. Similarly, Plaintiff's trial was first scheduled on or about May 24, 2023, only after Defendant Village was informed of the imminent filing of the instant Complaint.

25. After issuing the Ticket, on or about September 7, 2022, DeSalvo and/or Does #1-10 proceeded to seize Plaintiff's Honda purportedly for unpaid violations.

26. On or about September 7, 2022, Defendants All County and/or XYZ were, on information, under contract with Defendant Village and/or VFPD as active regular contract agents towing and detaining vehicles at the direction of Defendants Village, DeSalvo, VFPD, and/or Does #1-10 (hereinafter, collectively referred to as "Village Defendants").

27. Upon seizing the Honda, Village Defendants directed All County and/or XYZ to tow and detain the Honda.

28. Defendants demanded payment of certain sums of money as a condition of releasing the Honda. Defendants, despite due demand by Plaintiff to release the vehicle, continue to illegally retain the Honda solely for the purposes of extorting money from Plaintiff.

29. On or about October 3, 2022, Defendants transmitted a "notice" wherein VFPD directed Plaintiff Vazquez to reclaim the Honda "forthwith" or the Honda would be deemed abandoned pursuant to NY VTL § 1224 and Defendant Village would acquire title to said vehicle. Moreover, VFPD's "notice" further demanded that Plaintiff pay all fees associated with the unlawful impounding of his vehicle.

30. Defendants further demanded that Plaintiff execute a release of liability and hold harmless in order to retrieve his vehicle.

31.     Defendants have unlawfully deprived Plaintiff of the use and enjoyment of his property. Moreover, the Honda is Plaintiff's sole means of earning income to support his family.

32.     Defendants won't even allow Vazquez to remove certain property from the Honda without first paying the aforementioned fees or executing the release of liability and hold harmless. By way of example, Vazquez sought to retrieve his infant child's car seat and get important paperwork relating to his infant child for the purposes of enrollment in school. However, Defendants refused Vazquez access to the Honda.

33.     On or about October 28, 2022, Plaintiff served a Notice of Claim upon Defendant Village.

34.     While Plaintiff is willing to sit for his NY Gen. Mun. Law § 50-h hearing, Plaintiff has expressly told Defendant Village that he will do so after the trial is held on his Ticket. Village Defendant, with this knowledge, had refused to schedule a trial on the Ticket. It was not until Plaintiff informed Defendants of his intent to file the instant Complaint that Defendants finally scheduled a trial.

35.     Defendants' unlawful demand for money, release of liability and hold harmless, and other demands and conditions in exchange for possession of the Honda is tantamount to asserting a *de facto* possessory lien on the Honda superior to Vazquez' priority rights, the assertion and impression of which constitutes a deprivation without due process of law.

36.     Defendants have worked in concert to unlawfully seize the Honda and keep the Honda from Vazquez by imposing a series of unlawful conditions for release.

37.     Defendants have threatened to take possession of the title to the Honda pursuant to NY VTL § 1224 and, on information, auction and/or dispose of the Honda unless Vazquez complies with all of Defendants' unlawful demands.

38.     Defendants will not allow Plaintiff Vazquez to retrieve the Honda unless Vazquez pays all tickets that Defendant Village claims are due together with all fees demanded by All County and/or XYZ.

39.     Defendants have no lawful basis to require Vazquez to comply with the unlawful demands made by Defendants. Vazquez has properly and lawfully refused to comply with said demands. Defendants have and continue to refuse to release the Honda to Vazquez.

40.     Defendants' initial seizure, towing, and taking of the Honda constitutes a meaningful interference with Vazquez' possessory and property interest in the Honda, which seizure and takings was not effectuated pursuant to a warrant, a valid exception to the warrant requirement, and/or process.

41.     After the initial reason for seizing the Honda, that initial reason expired on or before the date when Defendants demanded that Vazquez pay Defendants money, executing the release of liability and hold harmless. By demanding that Vazquez pay Defendants in exchange for possession, Defendants continued to meaningfully interfere with Vazquez' possessory and property interests in the Honda without a warrant, valid exception to the warrant requirement, and/or process.

42.     The initial seizure and the continued retention of the Honda without process separately constituted unreasonable seizure of the Honda and a takings, in violation of the U.S> Constitution.

43.     Defendants All County and/or XYZ seized, towed, and possessed the Honda solely by virtue of their furtherance of Village Defendants' policy. All County and/or XYZ retained the Honda as joint participants with Village Defendants and, therefore, were acting under color of law when they seized and retained the Honda.

44.     Defendants have not taken action to secure judicial review of the seizure and takings of the Honda.

45.     Defendants have not taken action to secure judicial review over the continued retention of the Honda.

46.     Defendants have not pursued judicial disposition within a reasonable amount of time.

47.     Prior to impressing a lien for charges against the Honda, Defendants have not provided any hearing before an impartial decision-maker, with adequate notice, whereat Vazquez could protect his interests in recovering the vehicle and avoid continuing penalties and storage charges to accrue.

48.     Defendants failed to provide due and appropriate notice.

49.     To date, Plaintiff Vazquez's Honda has not been returned.

50.     Defendants have no statutory basis, either by Village Code or Local Ordinance, to seize and retain possession of vehicles, adversely to the rights of the vehicle's owners.

51.     Under the constraints of the U.S. Constitution, Defendants are statutorily required to afford vehicle owners with due process before effectuating a continued deprivation of their vehicle.

52.     Village Defendants have a "Scofflaw" policy whereby the village: (i) maintains a list of all Scofflaws which are individuals owing more than $1,000 in outstanding tickets associated with the vehicle; (ii) locating such a vehicle through a license place reader system; and (iii) impounding the vehicle located via a hit through the license plate reader system on a public road.

53. All County and/or XYZ tows and keeps such vehicles pursuant to a contractual agreement with Village Defendants.

54. Village Defendants, however, maintain control of all vehicles impounded and held by All County and/or XYZ, and Village Defendants do not permit the release of an impounded vehicle to anyone until all tickets associated with that vehicle are paid.

55. Village Defendants did not obtain a warrant either before or after impounding of the Honda or arrange a hearing concerning its impoundment.

56. Defendants do not have a procedure for a hearing on Scofflaw seizures, such as raising a challenge to: (i) the seizure itself, (ii) the towing and storage charges; or (iii) other conditions attached to release of a vehicle, as distinct from the ability to challenge liability for the parking tickets.

57. This Court has already held that Defendants' conduct and Scofflaw policy is violative of the Fourteenth Amendment. *See Toyota Lease Trust v. Village of Freeport, et al.*, 2:20-cv-02207 (DG)(SIL). Nonetheless, Defendants continue to violate individuals' rights, such as Plaintiff's, as it relates to the seizure and taking of vehicles.

58. At all relevant times to the instant Complaint, Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the Constitutional rights, privileges, and immunities of Plaintiff Vazquez and, while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property ensuring civil order.

59. At all relevant times to the instant Complaint, Defendants, and each of them, had the power and duty to restrain the other Defendants and prevent them from violating the law and

the rights of Plaintiff Vazquez, but each of the Defendants failed and refused to restrain the other

Defendants and, thereby, became a party to unlawfully subjecting Plaintiff Vazquez to harm and

denial of basic rights.

60.     That the injuries and damages Plaintiff suffered were caused solely by the conduct

of Defendants and Plaintiff in no way contributed to or caused the injuries and damages he

suffered.

61.     The conduct of Defendants was the proximate cause of Plaintiff's injuries and

damages.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983 – Deprivation of Property by Unreasonable Seizure**
***(Against All Defendants)***

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

those paragraphs of the Complaint marked and numbered previously and/or herein with the same

force and effect as if more fully set forth at length below.

63.     Plaintiff is the title holder and registered owner of the Honda and maintains a

protectable property interest in the Honda.

64.     Defendants have interfered with Vazquez' property interest in the Honda by their

unlawful actions described herein.

65.     At all relevant times, Defendants, through their actions, acted under the color of

law to unlawfully seize the Honda within the meaning of the Fourth Amendment to the U.S.

Constitution.

66.     Defendants' seizure of the Honda was without a warrant.

67.     Defendants' seizure of the Honda did not fall within any of the legitimate

exceptions to the warrant requirement. Alternatively, to the extent the initial seizure was

accompanied by any arguably legitimate exception to the warrant requirement, it was carried out in an unreasonable manner of execution insofar as the detention of the Honda and encumbering of the Honda with a lien exceeded the scope necessary to complete any legitimate task associated with the purported warrant exception for which the vehicle was seized.

68. Defendants' seizure of the Honda was unreasonable and in violation of the Fourth Amendment to the United States Constitution.

69. Defendants' unreasonable seizure of the Honda was accomplished in accordance with Defendants' policy and/or custom under Village Defendants' Scofflaw.

70. As a direct and proximate result of Defendants' violation of Vazquez's Constitutional right to be free from unreasonable seizures as prescribed by the Fourth Amendment to the U.S. Constitution, Vazquez has suffered damages based upon the lost value of the Honda, loss of use of the Honda, loss of employment, and loss of employment opportunities, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR A SECOND COUNT
## 42 U.S.C. § 1983 – Deprivation of Property Without Due Process of Law
### (*Against All Defendants*)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

72. Plaintiff is the title holder and registered owner of the Honda and maintains a protectable property interest in the Honda.

73. Defendants have interfered with Vazquez' property interest in the Honda by their unlawful actions described herein.

74. Defendants have no mechanism for, nor did they secure, review of any of Defendants' actions in relation to the Honda before a court of competent jurisdiction.

75. Defendants did not provide Vazquez an opportunity to be heard in relation to any of Defendants' actions in relation to the Honda in any court of competent jurisdiction at any time.

76. Defendants have failed to provide Vazquez with Constitutionally adequate notice and/or process by virtue of the fact that Defendants provide no mechanism for, nor have they secured, review of any of Defendants' actions in connection with the Honda by court of competent jurisdiction.

77. Defendants' deprivation of Vazquez' rights in the Honda was accomplished without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

78. Defendants' deprivations of Vazquez' rights in the Honda was accomplished in accordance with Defendants' policy and/or custom under Village Defendants' Scofflaw policy and program.

79. As a direct and proximate result of Defendants' violation of Vazquez' Constitutional right to be free from deprivations without due process of law as prescribed by the Fourteenth Amendment to the U.S. Constitution, Vazquez has suffered damages based upon the lost value of the Honda, loss of use of the Honda, loss of employment, loss of employment opportunities, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, and other special damages, and has suffered great pain and mental anguish,

all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § 1983 – Taking of Property Without Due Process of Law**
(***Against All Defendants***)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

81.     Plaintiff is the title holder and registered owner of the Honda and maintains a protectable property interest in the Honda.

82.     Defendants have interfered with Vazquez' property interest in the Honda by their unlawful actions described herein.

83.     On information, Village Defendants compensated All County and/or XYZ, in whole or in part, by turning over possession of the Honda, who lawfully possessed the Honda only by virtue of having obtained it from Village Defendants.

84.     All County and/or XYZ accepted the Honda as compensation, in whole or in part, for the services it provided to Village Defendants, namely the towing and retention of the Honda.

85.     Village Defendants damaged Vazquez's property interests in the Honda, and his possessory rights, by turning over the Honda to All County and/or XYZ.

86.     Village Defendants thereby took Vazquez's interests in the Honda—his right to the value of the Honda and the right to possession—for a public use.

87.     Village Defendants did not compensate Vazquez for the taking of his interests in the Honda.

88.     Village Defendants therefore took Vazquez' property for public use without just compensation in violation of the Takings clause of the Fifth Amendment to the U.S. Constitution.

89.     Village Defendants' taking of Vazquez's rights in the Honda was accomplished in accordance with Village Defendants' policy and/or custom under Village Defendants' policy and program.

90.     As a direct and proximate result of Defendants' violation of Vazquez' Constitutional right to be free from Takings without just compensation as prescribed by the Fifth Amendment to the U.S. Constitution, Vazquez has suffered damages based upon the lost value of the Honda, loss of use of the Honda, loss of employment, loss of employment opportunities, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 – Abuse of Process
#### (*Against All Defendants*)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

92.     Defendants intentionally, recklessly, and maliciously filed and/or caused to be filed a false, inaccurate, and/or misleading traffic infraction, seizure and impounding of the Honda, and suspension of driver's license against Plaintiff.

93.     The traffic infraction, seizure and impounding of the Honda, and suspension of driver's license, lodged by Defendants against Plaintiff, was done with knowledge that the facts contained therein were false, misleading, and/or otherwise inaccurate.

94.     Defendants filed said false traffic infraction, seizure and impounding of the Honda, and suspension of driver's license against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause and in order to protect Defendants and cover up their illegal and unconstitutional conduct and activities.

95.     Defendants subjected Plaintiff to the justice system, false traffic infraction, seizure and impounding of the Honda, and suspension of driver's license without just cause or reason. Defendants abused the justice system in falsely issuing a traffic infraction, seizing and impounding of the Honda, and suspension of driver's license, and falsely prosecuting Vazquez in an attempt to protect Defendants and satisfy their personal goals of covering up their wrongdoing, and to further their own purposes of exercising their privilege for their own warped sense of power and cover up their illegal and unconstitutional conduct and activities.

96.     Defendants created false and fabricated statements which included the uniform traffic ticket, police reports, reports, and/or paperwork related to the unlawful impounding of the Honda, transmission of request to suspend Plaintiff's driver's license to NYS Department of Motor Vehicles, and Charging Instruments.

97.     Moreover, Defendants invented and fabricated circumstances which were used to support the false charges in the charging instrument that was used to prosecute Plaintiff by the Village Prosecutor.

98.     Defendants' use of judicial process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff

solely for a purpose that was/is outside the legitimate ends of the legal process. The purpose behind Defendants' actions was to protect Defendants, and to harass, intimidate, coerce, silence, and punish Plaintiff.

99.　　Defendants did not initiate the issuance of the Ticket, seizure of the vehicle, impounding of the vehicle, prosecution of Plaintiff, and the suspension of Plaintiff's driver's license as a result of actual knowledge that a violation was committed and/or that a crime was committed. Defendants' clear intention was to protect Defendants, and unlawfully seize and impound the Honda, falsely prosecute Plaintiff, and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

100.　　Defendants did nothing to stop the proceedings which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the judicial process.

101.　　As a direct consequence of the actions of Defendants, acting in furtherance of their duty as agents of Village, Plaintiff suffered injuries, including but not limited to, stigmatization, embarrassment, loss of liberty, loos of property, and the infringement of his rights guaranteed to him under the U.S. Constitution.

102.　　Defendants falsified evidence and committed perjury in order to cover up Defendants' unlawful acts.

103.　　As a direct consequence of the actions of Defendants, Plaintiff suffered loss of use and enjoyment of his property, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

104. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1983 – Failure to Intervene
### (*Against All Defendants*)

105. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

106. Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

107. Defendants failed to intervene to protect Plaintiff from the egregious violation of his Connotational rights, despite having a realistic opportunity to do so.

108. That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

109. Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

110. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR A SIXTH COUNT
### 42 U.S.C. § 1983 - *Monell*
### (*Against Defendant Village*)

111. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

112.     Defendants do not have a procedure for a hearing on Scofflaw seizures, such as raising a challenge to: (i) the seizure itself; (ii) the towing and storage charges; or (iii) other conditions attached to release of a vehicle, as distinct from the ability to challenge liability for the parking tickets.

113.     This Court has already held that Defendants' conduct and Scofflaw policy is violative of the Fourteenth Amendment. *See Toyota Lease Trust v. Village of Freeport, et al.*, 2:20-cv-02207 (DG)(SIL). Nonetheless, Defendants continue to violate individuals' rights, such as Plaintiff's, as it relates to the seizure and taking of vehicles.

114.     Defendant Village has created, implemented, continued, maintained, and enforced a policy which unlawfully seizes and impounds Village of Freeport and County of Nassau residents of their vehicles in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

115.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages, costs, and attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR A SEVENTH COUNT**
**Declaratory Relief**
***(Against Defendant Village)***

116.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

117.     An actual controversy has arisen and now exists between Vazquez and Defendants warranting declaratory relief pursuant to 28 U.S.C. § 2201.

118. Plaintiff seeks a declaration that Defendants must unconditionally release the Honda to Plaintiff and that all monetary charges asserted against the Honda are null and void against Plaintiff.

119. Plaintiff seeks a declaration that Due Process violations occurring by reason of Defendants' improper seizure and detention of the Honda are chargeable to Defendants, jointly and severally.

120. Plaintiff seeks a declaration that the conduct of Defendants as stated herein is violative of the U.S. Constitution.

121. Plaintiff seeks a declaration that New York State Lien Law § 184 and Vehicle and Traffic Law § 1224 are unconstitutional, as applied, under the United States Constitution to the extent that such statues are relied upon by Defendants to justify their unlawful actions that form the basis of this Complaint.

122. Plaintiff seeks a declaration that Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for all damages and attorney's fees suffered and incurred by Plaintiff Vazquez.

## JURY DEMAND

123. Plaintiff demands a Trial by Jury of all causes of actions so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Judgment in favor of Plaintiff Vazquez on all causes of action asserted herein;

B. Declaration that, as a result of Defendants' violation of Plaintiff's rights, Defendants have no right to retain and possess the Honda from Plaintiff and shall release the Honda upon demand to Plaintiff;

C. Declaration that, as a result of Defendants' violation of Plaintiff's rights, all monetary charges asserted by Defendants against the Honda are null and void as to Plaintiff;

D. Declaration that New York State Vehicle Lien Law § 184 and Traffic Law § 1224 are unconstitutional, as applied, under the United States and New York State Constitutions to the extent that such statutes are relied upon by Defendants to justify their actions that form the basis of this Complaint;

E. An order directing Defendants to deliver the Honda to Plaintiff forthwith;

F. A permanent injunction against Defendants prohibiting the above-described unconstitutional and deceptive practices;

G. Compensatory damages, consequential damages, punitive damages, statutory treble damages, costs, and attorneys' fees against Defendants, jointly and severally, and in favor of Plaintiff; and

H. Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
June 5, 2023

Respectfully Submitted,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff, Jorge Vazquez*

By: /s/*Pablo A. Fernandez*
Pablo A. Fernandez
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Ph: 516.355.9696
pfernandez@rfriedmanlaw.com